NORMA F. BUTLER *vs.* ISAAC CHASE, ADMR. D. B. N. C. T. A., *et al.*

APRIL 30, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

MURDOCK, J. This is an appeal from the Probate Court of the town of Middletown to the Superior Court for the county of Newport and is before this court on an agreed statement of facts under provisions of Section 4, Chapter 348, General Laws 1923.

The question of law raised by the agreed statement of facts involves the construction of the will of James Chase who died in 1872, leaving a will dated May 29, 1860, with a codicil thereto dated March 5, 1864.

The part of said will pertinent to the present case is as follows: "I give, devise and bequeath the use, improvement and income of the farm in Middletown, containing about forty acres and a half, which farm I purchased of the late John Mitchell, to my four grandchildren, children of my daughter Hepsibah M. Heath, deceased, viz.: Francis M. Heath, James C. Heath, Sarah M. Heath, and Annie C. Heath during their natural lives. At their decease, I give, devise and bequeath said farm to their children, if they, or either of them, should leave any, to them, their heirs, and assigns forever. If my said grandchildren, children of my said daughter Hepsibah, deceased, should leave no children or child, then in that case I give and devise said farm to all my grandchildren then living, in equal shares, to them, their heirs and assigns forever.

"I also give and bequeath to my said grandchildren, children of my daughter Hepsibah, deceased, during their natural lives, the income of ten shares in the Pocasset Bank in Fall River, R. I. At their decease I give and bequeath said ten shares to their children then living, to be equally divided, if my said four grandchildren should leave no children or child, then I give the said ten shares to all my grand children then living equally between them."

The codicil after reciting the substance of the above provisions concludes as follows: "Now, whereas, my granddaughter, Sarah M. Heath, that was, has since died, and left one child. Now if that child should die without lawful issue, then, in that case, I give, devise, and bequeath the share that that great-grandchild would have heired from his mother to the other three grand-children, viz., Francis M., James C., and Annie C. Heath, their heirs and assigns forever."

Of the three children of the testator's daughter Hepsibah who survived the testator Francis M. Heath died in 1878 leaving as his sole surviving child Norma F. Butler, the appellant in the present case. James C. Heath died in 1910 leaving three children, Willie C., Samuel W. and Ernest W. Heath, who are the appellees. Annie C. Heath, the last surviving child of the said Hepsibah died in 1928 intestate and without issue. Ralph Gifford, the child of Sarah M. Heath referred to in the codicil died in 1864 intestate and without issue.

It is the contention of Norma F. Butler that as the sole surviving child of Francis M. Heath she is entitled to one half of the proceeds of the sale of said stock in the Pocasset Bank, now the Massasoit-Pocasset National Bank, while the appellees contend that the gift over of said stock was to a class which consists of themselves and the appellant and consequently each is entitled to a fourth of the fund.

The will is inartistically drawn and the intention of the testator is not clear. In 1880, on the petition of James C. Heath, this clause of the will, so far as it relates to the real

estate, was construed by this court. *Heath, Petitioner,*
12 R. I. 479. DURFEE, C. J. said of this will; "for very
likely the testator himself did not clearly comprehend the
possible result of the complicated devise which he was
making . . . ." The court found the key to the
testator's intention in the codicil to the will, saying; "It
recites that since the making of the will one of the grand-
children has died, leaving a child, and provides that, if that
child dies without lawful issue, then the share which he
'would have heired from his mother' shall go to the other
three grandchildren. Of course the language is inaccurate.
The child would have heired nothing from the mother, for the
mother was to have only an estate for life. But the meaning
is evident. The word is used to denote, not inheritance, but
succession under the will, and indicates that it was in the
mind of the téstator that, the mother being dead, the child
if he lived, would succeed to the share which had been devised
to her for life, to wit, an undivided fourth part of the es-
tate . . . ."

The court accordingly found that Ralph Gifford was en-
titled under the will to one undivided fourth part of the farm
in fee simple and that Norma F. Heath, as sole surviving
child of Francis M. Heath, was likewise entitled to an un-
divided fourth part in fee simple.

In our opinion this interpretation, as to the disposition
under the will of the real estate, applies as well to the bank
stock. It will be noted that the language of the codicil
indicates no intention on the part of the testator to make
a different disposition of the bank stock from that of the real
estate. He includes both in the phrase "the share that that
great-grandchild would have heired from his mother."

It is urged that the intention to give to his great-grand-
children as a class is to be found in the words of the gift over
to the great-grandchildren "to be equally divided."

In a will so inartistically drawn over emphasis of any par-
ticular phrase must be avoided. The meaning is to be found
in the instrument as a whole and to construe these words as

contended for by the appellees would be inconsistent with the intention of the testator as revealed in the codicil.

Our decision is that the great-grandchildren of the testator take *per stirpes* and not *per capita* and that Norma F. Butler is entitled to one half of the proceeds of the sale of said bank stock and the appellees, Willie C., Samuel W. and Ernest W. Heath are each entitled to one-sixth share.

The papers in the case with our decision certified thereon are ordered sent back to the Superior Court for the county of Newport for further proceedings.

*Sheffield & Harvey,* for appellant.

*Frank F. Nolan,* for appellee.